**Electronically Filed
Supreme Court
SCPW-18-0000577
23-JUN-2020
01:43 PM**

SCPW-18-0000577

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

CHARLES VITALE, NINA VITALE, Individually and in their
Representative Capacities and on Behalf of a Class of All Persons
Similarly Situated, Petitioners,

vs.

THE HONORABLE DEAN E. OCHIAI, Judge of the Circuit Court of the
First Circuit, State of Hawaiʻi, Respondent Judge,

and

D.R. HORTON, INC.; D.R. HORTON-SCHULER HOMES, LLC, Respondents.

_____

ORIGINAL PROCEEDING
(CIV. NO. 15-1-1347-07)

<u>ORDER DENYING PETITION FOR WRIT OF MANDAMUS</u>
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of petitioners Charles and Nina Vitales' petition for writ of mandamus, the documents attached thereto and submitted in support thereof, and the record, it appears that petitioners fail to demonstrate that they have a clear and indisputable right to the requested relief, that they lack alternative means to seek relief, and that the respondent judge committed a flagrant and manifest abuse of discretion or exceeded his jurisdiction in considering the motion for leave to

file a third amended complaint.  Petitioners, therefore, are not entitled to the requested extraordinary writ.  See <u>Kema v. Gaddis</u>, 91 Hawaiʻi 200, 204-05, 982 P.2d 334, 338-39 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action; where a court has discretion to act, mandamus will not lie to interfere with or control the exercise of that discretion, even when the judge has acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which he or she has a legal duty to act); <u>Honolulu Advertiser, Inc. v. Takao</u>, 59 Haw. 237, 241, 580 P.2d 58, 62 (1978) (a writ of mandamus is not intended to supersede the legal discretionary authority of the trial courts, cure a mere legal error, or serve as a legal remedy in lieu of normal appellate procedure).  Accordingly,

IT IS HEREBY ORDERED that the petition for writ of mandamus is denied.

DATED: Honolulu, Hawaiʻi, June 23, 2020.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

2